# Exhibit A

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Nov-13 12:03:00
04CV-19-2802
C19WD06 : 12 Pages

# IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and All Others**                                    **PLAINTIFF**
**Similarly Situated**

**V.**                            **NO. 04CV-2019-_____**

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                          **DEFENDANT**

## CLASS ACTION COMPLAINT

Comes now the Plaintiff, Sayed Ali, and all others similarly situated, by and through their attorneys, Caddell Reynolds, PA, for their course of action against Shelter Mutual Insurance Company (hereinafter referred to as "Shelter"), states and alleges as follows:

### INTRODUCTION

1.       This is a class action whereby Plaintiff seeks for himself and all other similarly situated insured customers or former customers of Defendant, a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it refused to issue medial payment checks authorized under A.C.A. 23-89-202 without first disclosing their entitlement to Medicaid and Medicare benefits.

2.       Plaintiff further seeks for himself and all others similarly situated an Order

1

requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest for all of the monies they withheld for more than 30 days while waiting on documentation of their insured's entitlement to Medicaid and Medicare benefits.

3.       Finally, Plaintiff seeks for himself and all others similarly situated an injunction preventing Defendant from continuing to violate A.C.A. 23-89-204(a) by refusing to issue med pay payments without first disclosing their entitlement to Medicaid and Medicare benefits.

**JURISDICTION AND VENUE**

4.       Plaintiff and all proposed class members are citizens of the State of Arkansas.   A certified copy of the certificate of coverage has been requested months ago but Shelter has thus far refused to provide it. It will be attached to the Amended Complaint once it is provided. Subject to the foregoing, Plaintiff incorporates the terms and conditions of the policy of insurance by reference and will request a complete and certified copy of the policy of insurance from Defendant through discovery. Upon receipt, Plaintiff will amend his complaint in accordance with Rule 10 of the Ark. R. Civ. Pro.

5.       The Court has personal jurisdiction over Defendant under Ark. Code. Ann. § 16-4-101. Defendant conducts business in Arkansas and avails itself of Arkansas markets.

6.       The compensatory damages being sought by Plaintiff and Class members do not exceed $10,000 individually. The aggregate compensatory damages claimed by Plaintiff and the

2

Class, exclusive of interest and costs, are far below the $5 million federal jurisdictional threshold of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

7.      Accordingly, this Court has jurisdiction over the parties and the subject matter of this action.

8.      Venue is proper pursuant to Ark. Code Ann. § 16-60-108.

## COMMON FACTUAL BACKGROUND

9.      According to Defendant's marketing material, the defendant, Shelter, is a multi-line national property and casualty insurance company operating across the United States.

10.     Plaintiff, like all proposed class members, currently has, had, or was covered under, a contract of automobile insurance with Defendant that includes medical payment or PIP coverage.

11.     On or about January 12, 2019, Plaintiff was in a motor vehicle accident where he was injured and received medical treatment exceeding $5000.00

12.     On or about September 19, 2019, Plaintiff sent Defendant a demand for payment of his Med Pay benefits directly to him and his attorneys. The defendant has refused to issue payment until the plaintiff provided information related to his entitlement to Medicare and Medicaid in violation of their policy and Arkansas law.

13.     The contract of insurance between Plaintiff, as well as each proposed class member, and Defendant states that in the event of an injury, Shelter is required to pay all reasonable and

3

necessary expenses for medical, hospital, nursing, dental, surgical, and ambulance incurred within 24 months of a motor vehicle accident in which its insured was injured.

14.     Defendant refuses to pay the benefits directly to their insured within 30 days after receipt of proof of loss in violation of the plain language of A.C.A. 23-89-204(a) and 23-89-208.

15.     Defendant, throughout the Class Period, as a common policy and general business practice refused to issue payment of its no-fault medical payment or PIP benefits to the Plaintiff as well as each proposed class member without their insured demonstrating their entitlement to Medicare or Medicaid in violation of Arkansas law.

## COMMON CONTROLLING LAW

16.     Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how insured's who reside in Arkansas must be treated by the Defendant.

17.     It is well settled under Arkansas law that the defendant must offer automobile medical payment/PIP coverage to all insured in the state of Arkansas.

A.C.A. § 23-89-202   Required first party coverage

> Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits,…, to the named insured and members of his or her family, …, injured while occupying the insured motor vehicle,…, without regard to fault, as follows:
>
> (1)   All reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, ambulance, …, incurred within twenty-four (24) months after the

4

automobile accident, up to an aggregate of five thousand dollars ($5,000) per person, …

The legislative intent behind the enactment of this no-fault motor vehicle legislation was to make an insured whole on relatively minor automobile injury damage claims without regard to fault or liability and without his being required to engage in expensive and extended litigation. *Aetna Ins. Co. v. Smith*, 263 Ark 849, 568 S.W.2d 11 (1978).

18.     It is also well settled law that the medical payments contemplated in A.C.A. 23-89-202 must be paid directly to the insured.

A.C.A. 23-89-204 Coverage for passengers and persons struck by insured vehicle.

> *(a)The coverages provided in 23-89-202 **shall apply only to** occupants of the insured vehicle and to persons struck by the insured vehicle, including pedestrians, bicyclists, motorcyclists, persons in a horse-drawn wagon or cart, and persons riding on an animal, and to none other.*
> (emphasis added)

19.     Finally, it is well settled law that medical payments must be paid within 30 days of receipt of a proof of loss.

A.C.A. 23-89-208

> *(a) Payment under the coverages enumerated in 23-89-202(1) and (2) shall be made on a monthly basis as benefits accrue.*
>
> *(b) Benefits for any period are overdue if not paid within thirty (30) days after the insurer received reasonable proof of the amount of all benefits accruing during that period.*
>
> *(c) If reasonable proof is not supplied as to all benefits accrued, the portion supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.*

5

*(d) Any part or all of the remainder of the benefits that is later supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.*

*(e) In the event the insurer fails to pay the benefits when due, the person entitled to the benefits may bring an action in contract to recover them.*

*(f) In the event the insurer is required by the action to pay the overdue benefits, the insurer shall, in addition to the benefits received, be required to pay the reasonable attorney's fees incurred by the other party, plus twelve percent (12%) penalty, plus interest thereon from the date these sums became overdue.*

In order to comply with Arkansas law, Defendant was required by law to issue full payment of the medical bills to the insured for medical benefits within 30 days after receiving a proof of loss.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on his own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

21.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Arkansas Rules of Civil Procedure 23(a) and (b).

22.     Plaintiff seeks certification of the following class:

Residents of the State of Arkansas who, from November 13, 2014 through the date of resolution of this action, (a) purchased a policy of insurance from the Defendant; (b) made a claim for automobile medical payment or PIP benefits; (c) were required to provide proof

6

of Medicaid or Medicare entitlement (d) had their benefits delayed outside the time limit imposed by Arkansas law for receipt of the payments.

23.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper.

24.     Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judges who may preside over this cause of action and any attorneys representing the Plaintiff or the Class.

25.     The exact number of the Class, as herein identified and described, is not known but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable. The identity of Class members is ascertainable through Defendant's records kept in the ordinary course of business.

26.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

(A)     Whether, throughout the Class Period, as a common policy and general business practice, Defendant was in violation of Ark. Code Ann. 23-89-202 *et seq* by refusing to

7

issue direct payment of its no-fault medical payment or PIP benefits to the plaintiff as well as each proposed class member.

27.     Plaintiff's claims are representative of the Class and his claims are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including Plaintiff's, depend on showing that Defendant's acts gave rise to the right to relief sought herein. There is no conflict between the individually named Plaintiff and other member of the proposed Class with respect to this action or with respect to the claims for relief set forth herein.

28.     As the representative party for the Class, Plaintiff is able to and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiff's and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

29.     The class-action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

30.     As relief for these violations of Arkansas law, Plaintiff's seek, on behalf of herself and all class members: 1) a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it refused to issue medial payment checks

authorized under A.C.A. 23-89-202 without providing information related to their entitlement to Medicaid or Medicare; 2 an Order requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest for all of the monies they refused to pay or paid untimely as a result of their unlawful practice of requiring insured to provide evidence of their entitlement to Medicare and Medicaid as condition of payment and 3) an injunction preventing Defendant from continuing to violate A.C.A. 23-89-208 by refusing to issue med pay payments without receiving documentation of the insureds entitlement to Medicare or Medicaid.

### CAUSE OF ACTION I
### DECLARATORY JUDGMENT

31.     Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

32.     An actual case and controversy exists within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*

33.     Plaintiff was covered under an insurance Contract with Defendant. Arkansas law controls how Defendant's Arkansas customers must be treated.

34.     Well-settled Arkansas law states that automobile medical payment coverage must be paid directly to the insured within 30 days after receipt of the proof of loss. Ark. Code Ann. 23-89-208 *et seq*

35.     Defendant's legal basis for refusing to pay the plaintiff and all those similarly situated violates both the policy of insurance and Arkansas state law.

9

36.     Defendant, throughout the Class Period, as a common policy and general business practice, was in violation of Arkansas law by refusing to pay the benefits to their insured within 30 days in violation of the plain language of A.C.A. 23-89-208.

37.     As a result of these violations of Arkansas law, Plaintiff and Class members have been injured. Their damages include the amount of money withheld for more than 30 days waiting on receipt of the insured entitlement to Medicare and Medicaid. Through its illegal actions, Defendant has deprived and continues to deprive their insureds of the applicable automobile medical payment/PIP benefits owed under Arkansas law, which belong to Plaintiff and Class members. Therefore, restitution, including pre- and post-judgment interest and attorney's fees, is appropriate, as well as other legal and equitable relief.

38.     If not permanently enjoined by this Court, Defendant will continue to refuse to issue med pay/PIP benefits that belong to Plaintiff and Class members. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff and Class members, including but not limited to monetary damage. Therefore, injunctive relief is appropriate, as well as other legal and equitable relief.

## CAUSE OF ACTION II
## BREACH OF CONTRACT

39.     Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

40.     Defendant, by refusing to issue payment to the Plaintiff, is violating the terms and conditions of its policy of insurance and is in breach of the same.

10

41.     Further, under Arkansas law, there is no legal requirement requiring the insured to disclose his entitlement to any other insurance as a condition precedent to receiving contractual med pay benefits.

42.     In taking this position, Defendant's actions are not only in contravention of the policy of insurance, but also Arkansas law.

43.     By refusing to issue medical payments until the insured shares his entitlement to Medicare and Medicaid, the defendant has violate the terms of their policy and Arkansas law

### RELIEF REQUESTED

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

a)     declaring that Defendant's failure to issue full medical bill payment, within 30 days of receipt of the proof of loss, to the insured under the med pay/PIP benefits of the Plaintiff's and Class members insurance policies violates Arkansas law;

b)     an order permanently enjoining Defendant from conditioning the issuance of med pay/PIP benefits owed to Plaintiff and Class members on receipt of their entitlement to Medicare or Medicaid;

11

c)      monetary restitution to Plaintiff and all Class members of 100% of the ,

        med pay/ PIP benefits the defendant has illegally refused to pay;

d)      pre and post-judgment interest;

e)      attorney's fees and costs; and

f)      such other legal and equitable relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiffs and the Class members hereby request a trial by jury.

Respectfully submitted,

_____

Bill Horton (AR Bar #2002200)
**CADDELL & REYNOLDS, P.A.**
211 N 2nd Street
Rogers, AR 72756
Tel: (479) 464-8269
Fax: (479) 464-8287

*Counsel for Proposed Plaintiff Class*

12

**SUMMONS**

### IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| **SAYED ALI and All Others Similarly Situated** | **PLAINTIFF** |
| **VS.**   Case No. 04CV-2019-_____ | |
| **SHELTER MUTUAL INSURANCE COMPANY** | **DEFENDANT** |

**THE STATE OF ARKANSAS TO DEFENDANT:**

      Shelter Mutual Insurance Company
      17 Corporate Hill
      Little Rock, AR 72205

A lawsuit has been filed against you.  The relief is as stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bill G. Horton
CADDELL  REYNOLDS
211 N. 2nd St.
Rogers, AR  72756

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint

**Additional Notices:  None.**

**WITNESS MY HAND AND SEAL OF THE COURT this ____ day of _____, 2019.**

Brenda DeSheilds
BENTON COUNTY CIRCUIT CLERK
215 E. Central, Suite 202
Bentonville, AR  72712

BY: _____

       Deputy Clerk


No._____  This summons is for Defendant Shelter Mutual Insurance Company.

## PROOF OF SERVICE

(   ) On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place];or

(   ) I left the Summons, Complaint, and additional notices specified on the Summons (if applicable) in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her, on _____ [date]; or

(   ) After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____[describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

(   ) On _____[date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

(   ) On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

(   ) On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

(   ) I am the plaintiff or an attorney of records for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

(   ) I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgement and received the attached notice and acknowledgment form within twenty days after the date of mailing.

(  ) Other: _____ [specify]

(  ) I was unable to execute service because: _____
_____.

My fee is $_____

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
                    [Signature of Server]

_____
[Printed name, title, and badge number]


**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                                    [Signature of Server]

_____
                                                    [Printed Name]

Address:_____

_____

Phone: _____

Subscribed and sworn to before me, the undersigned Notary Public, on this ____ day of _____, 20__.

_____
                                                    Notary Public

My Commission Expires:

_____

Additional information regarding service or attempted service:

_____
_____



Arkansas Judiciary

**Case Title:**     ALI ETAL V SHELTER MUTUAL INSURANCE
                    COMPANY

**Case Number:**    04CV-19-2802

**Type:**           SUMMONS - FILER PREPARED


So Ordered

*Tani Ross*

Tani Ross


Electronically signed by TDROSS on 2019-11-13 12:26:09     page 4 of 4

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-09 10:58:59
04CV-19-2802
C19WD06 : 3 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and All Others**                                         **PLAINTIFF**
**Similarly Situated**


V.                              NO. 04CV-2019-2802

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                         **DEFENDANT**

═══════════════════════════════════════════════════════

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF ARKANSAS          )
                           )ss:
COUNTY OF BENTON           )

COMES NOW Bill G. Horton, attorney for Sayed Ali and All Others Similarly Situated and for his Affidavit of Service states:

That on or about November 13, 2019, the undersigned sent by certified mail a Summons and Complaint addressed to Shelter Mutual Insurance Company, 17 Corporate Hill, Little Rock, AR 72205.  The Domestic Return Receipt card was signed for by C. Hansberry Smith on November 18, 2019.  A copy of the Return Receipt card is attached hereto as Exhibit "A," which confirms service upon Shelter Mutual Insurance Company.

By:_____
       Bill G. Horton (2002200)
       NOLAN, CADDELL & REYNOLDS
       211 N. 2nd St.
       Rogers, AR  72756
       Phone: (479) 464-8269
       Fax: (479) 464-8287

STATE OF ARKANSAS                )
                                 )SS.
COUNTY OF BENTON                 )

SWORN TO AND SUBSCRIBED before me the undersigned Notary Public, this _9th_ day of _December_____, 2019.

_____
Notary Public

My Commission Expires:



2

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shelter Mutual Ins. Co.
17 Corporate Hill
Little Rock, Ark 72205

9590 9402 5309 9154 4097 22

2. Article Number (Transfer from service label)

7015 0640 0005 0284 1753

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt


EXHIBIT
A

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-16  12:06:32
04CV-19-2802
C19WD06 : 4 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and All Others**
**Similarly Situated**                                                      **PLAINTIFF**

**v.**                                     **CASE NO.  04 CV-2019-2802**

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                             **DEFENDANT**

### DEFENDANT SHELTER MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Comes now Defendant, Shelter Mutual Insurance Company ("Defendant" or the "Company"), by and through its attorneys, Friday, Eldredge & Clark, LLP, with its Motion to Dismiss for Insufficient Service of Process Pursuant to Arkansas Rule of Civil Procedure ("ARCP") 12(b)(5) and states as follows.

1.      Plaintiff filed his Complaint on November 13, 2019.

2.      Plaintiff attempted service on Defendant by certified mail pursuant to Arkansas Rule of Civil Procedure 4(g)(1).

3.      Arkansas courts have consistently held that valid service of process is necessary to give a court jurisdiction over a defendant, and have held that service requirements "must be strictly construed and compliance with them must be exact." *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 463, 768 S.W.2d 531, 532 (1989).

4.      ARCP 4(g)(1)(A)(i), which governs service by certified mail, requires that "the addressee . . . be a natural person specified by name[.]"

5.      According to Plaintiff's own admission in the Affidavit of Service filed with the

FEC\10000\0213\7397027.v1-12/16/19

Court, Plaintiff's counsel sent the Summons and Complaint by certified mail addressed to Shelter

Mutual Insurance Company.  Affidavit of Service, attached hereto as Exhibit A, at 1.

6.      The certified mail was signed for by Christal Hansberry Smith, *Id*.  Ms. Smith is a

claims assistant.  Affidavit of Terry Martin, attached hereto as Exhibit B, ¶ 1.

7.      Because the certified mail was sent to the Company, and not a natural person as

required by the Arkansas Rules of Civil Procedure, the attempted service on Defendant was

deficient under ARCP 4(g).  Therefore, Plaintiff's Complaint should be dismissed pursuant to

ARCP 12(b)(5).

8.      This Motion is supported by a brief filed herewith and the following exhibits

attached hereto:

> Exhibit A - Affidavit of Service
> Exhibit B -  Affidavit of Terry Martin

9.      Based on the above and the accompanying brief in support, Defendant requests

that the Court grant its Motion to Dismiss for Insufficient Service of Process Pursuant to ARCP

12(b)(5).

WHEREFORE, Defendant Shelter Mutual Insurance Company prays that this Court grant

its Motion to Dismiss, for its costs, and for all other just and proper relief.

2

Respectfully submitted,

Kevin Crass, AR Bar 84029
FRIDAY, ELDREDGE & CLARK LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-3309
Facsimile: (501) 244-5389
E-mail: crass@fridayfirm.com

Katherine C. Campbell, AR Bar 2013241
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas  72758
Telephone: (479) 695-6049
Email: kcampbell@fridayfirm.com

By:   */s/ Katherine C. Campbell*
   Katherine C. Campbell

3

## <u>CERTIFICATE OF SERVICE</u>

I, Katherine C. Campbell, do hereby certify that the foregoing is being filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's eFlex filing notification system, on this 16th day of December, 2019:


Bill G. Horton
Nolan, Caddell & Reynolds
211 N. 2nd St.
Rogers, AR 72756



_/s/ Katherine C. Campbell_____
Katherine C. Campbell

4

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-16  12:06:32
04CV-19-2802
C19WD06 : 6 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and All Others**
**Similarly Situated**                                                              **PLAINTIFF**

**v.**                                    **CASE NO.  04 CV-2019-2802**

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                            **DEFENDANT**

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Shelter Mutual Insurance Company ("Defendant" or the "Company"), by and through its attorneys, Friday, Eldredge & Clark, LLP, for its Brief in Support of its Motion to Dismiss for Insufficient Service of Process Pursuant to Arkansas Rule of Civil Procedure ("ARCP") 12(b)(5) states as follows.

### I.   INTRODUCTION

Plaintiff filed his Complaint on November 13, 2019.  According to the Affidavit of Service, Plaintiff's counsel "sent by certified mail a Summons and Complaint addressed to Shelter Mutual Insurance Company[.]"  Affidavit of Service, attached hereto as Exhibit A, at 1.  The Affidavit of Service states that the certified mail "was signed for by C. Hansberry Smith on November 18, 2019."  *Id*.  Attached to the Affidavit of Service is a copy of the return receipt.  It confirms that the Complaint and Summons were addressed to Shelter Mutual Insurance Company and were signed by C. Hansberry Smith on November 18, 2019.  *Id*. at 3.

Because the Summons and Complaint were sent to the Company, and not a natural person as required by the Arkansas Rules of Civil Procedure, the attempted service on Defendant

1

was deficient under ARCP 4(g)(1)(A)(i).  Therefore, Plaintiff's Complaint should be dismissed pursuant to ARCP 12(b)(5).

## II.   LAW AND ARGUMENT

### a.   Standard

Under Arkansas law, service requirements under Rule 4 are to be strictly construed, and compliance with them must be exact. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co*., 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003); *see also Wilburn v. Keenan Co.*, 298 Ark. 461, 463, 768 S.W.2d 531, 532 (1989) (explaining that because statutory service requirements are in derogation of common law rights, they must be strictly construed).  Plaintiff has the burden of proving that service upon Defendant was proper. *See Dodd v. Highway Hauling Express Corp.*, 2019 Ark. App. 123, 4, 572 S.W.3d 447, 450 (2019).  If Defendant was improperly served, then the case should be dismissed because the court lacks jurisdiction over Defendant.  *See id.* ("Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant.").

When service is made by certified mail, it "shall be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee."  ARCP 4(g)(1)(A)(i).  The Rule makes plain that "*[t]he addressee must be a natural person specified by name*[.]" ARCP 4(g)(1)(A)(i).  When service by certified mail is not restricted to a natural person, courts have held service to be invalid.  *See Grand Slam Stores, L.L.C. v. L & P Builders, Inc*., 92 Ark. App. 210, 212 S.W.3d 6 (2005).  For example, in *Grand Slam Stores*, the Arkansas Court of Appeals held that service was invalid where the Complaint and Summons were addressed to a limited liability company rather than a natural person as

2

required by ARCP 4. The Court explained that a natural person means a "human being." 92 Ark. App. at 213, 212 S.W.3d at 8. "[B]ecause a limited liability company is clearly not a 'natural person' within the meaning of Ark. R. Civ. P. 4(d)(8), and the letter did not name any human being as an addressee[,]" service was improper. *Id*.

### b. Because the Summons and Complaint Were Not Addressed to a Natural Person, Service Is Improper

Here, the Summons and Complaint were served by certified mail addressed to Shelter Mutual Insurance Company. The certified mail was not addressed to a natural person and certainly was not restricted to an appropriate person authorized to accept service. By Plaintiff's own admission in the Affidavit of Service, no natural person was listed on the papers that were served. Strict compliance with the requirements for service by mail is required, and Plaintiff failed to follow the rules. Because Plaintiff failed to properly serve Defendant, the Court lacks jurisdiction over Defendant. The Complaint therefore should be dismissed.

### c. Because the Individual Who Received the Summons and Complaint Was Not Authorized To Accept Service, Service Is Improper

The fact that the certified mail was not addressed to a natural person is reason alone to dismiss the Complaint. But in this case, the Summons and Complaint were not even received by a person authorized to accept service. Service on corporations may be made on the corporation's registered agent, an officer of the corporation, the officer's secretary or assistant, a managing or general agent of the corporation, the agent's secretary or assistant, or any agent authorized to receive service of process. ARCP 4(f)(5). Here, Christal Hansberry-Smith signed for the certified mail package. Ex. A at 3. Ms. Smith is a claims assistant. *See* Affidavit of Terry Martin ("Martin Aff."), attached hereto as Exhibit B, ¶ 1. She is not part of management

3

of the office in which she works and does not have discretion in running Defendant's business. *Id.* ¶¶ 2-3.   She also is not a secretary to an officer, managing agent, or general agent of the Company.  *Id.* ¶ 4.   She therefore is not authorized to accept service even if the Summons and Complaint had been properly addressed.   Moreover, the claims manager and several supervisors were present at the Little Rock branch location on November 18, 2019, the day that Ms. Smith signed for the documents. *Id.* ¶ 5.  For this additional reason, the Complaint should be dismissed for insufficient service of process.

## III.    CONCLUSION

Because the Summons and Complaint were addressed to the Company, and not a natural person as required by the Arkansas Rules of Civil Procedure, the attempted service on Defendant was deficient under ARCP 4(g)(1)(A)(i).   For the reasons set forth above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to ARCP 12(b)(5) and award it any other relief to which it may be entitled.

Respectfully submitted,

Kevin Crass, AR Bar 84029
FRIDAY, ELDREDGE & CLARK LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-3309
Facsimile: (501) 244-5389
E-mail: crass@fridayfirm.com

FEC\10000\0213\7395682.v1-12/16/19

Katherine C. Campbell, AR Bar 2013241
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas  72758
Telephone: 479-695-6049
Email: kcampbell@fridayfirm.com

By:   */s/ Katherine C. Campbell*
      Katherine C. Campbell

FEC\10000\0213\7395682.v1-12/16/19

**<u>CERTIFICATE OF SERVICE</u>**

I, Katherine C. Campbell, do hereby certify that the foregoing is being filed with the Court and that the below listed persons will receive a copy of the foregoing via the Court's eFlex filing notification system, on this 16th day of December, 2019:

Bill G. Horton
Nolan, Caddell & Reynolds
211 N. 2nd St.
Rogers, AR 72756

_/s/ Katherine C. Campbell_____
Katherine C. Campbell

6

# Exhibit A

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-09 10:58:59
04CV-19-2802
C19WD06 : 3 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and All Others**                                       **PLAINTIFF**
**Similarly Situated**

V.                              NO. 04CV-2019-2802

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                              **DEFENDANT**

---

### AFFIDAVIT OF SERVICE

STATE OF ARKANSAS            )
                             )ss:
COUNTY OF BENTON             )

COMES NOW Bill G. Horton, attorney for Sayed Ali and All Others Similarly Situated and for his Affidavit of Service states:

That on or about November 13, 2019, the undersigned sent by certified mail a Summons and Complaint addressed to Shelter Mutual Insurance Company, 17 Corporate Hill, Little Rock, AR 72205. The Domestic Return Receipt card was signed for by C. Hansberry Smith on November 18, 2019. A copy of the Return Receipt card is attached hereto as Exhibit "A," which confirms service upon Shelter Mutual Insurance Company.

By:_____
Bill G. Horton (2002200)
NOLAN, CADDELL & REYNOLDS
211 N. 2nd St.
Rogers, AR 72756
Phone: (479) 464-8269
Fax: (479) 464-8287

STATE OF ARKANSAS                )
                                 )SS.
COUNTY OF BENTON                 )

SWORN TO AND SUBSCRIBED before me the undersigned Notary Public, this _9uh_ day of _December_____, 2019.

_____
Notary Public

My Commission Expires:



2

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shelter Mutual Ins. Co.
17 Corporate Hill
Little Rock, AR 72205

9590 9402 5309 9154 4097 22

2. Article Number (transfer from service label)

7015 0640 0005 0284 1753

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Lindsay Smith                    11/18/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt


EXHIBIT
A

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-16  12:06:32
04CV-19-2802
C19WD06 : 3 Pages

# Exhibit B

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
### CIVIL DIVISION

**SAYED ALI and All Others**　　　　　　　　　　　　　　　**PLAINTIFF**
**Similarly Situated**

**v.**　　　　　　　　　　**CASE NO.  04 CV-2019-2802**

**SHELTER MUTUAL**　　　　　　　　　　　　　　　　　**DEFENDANT**
**INSURANCE COMPANY**

### <u>AFFIDAVIT OF TERRY MARTIN</u>

　　　I, Terry Martin, am the Claims Manager for Shelter Mutual Insurance Company's Little Rock, Arkansas branch.  I am over the age of eighteen (18) and of sound mind, and I make the following Affidavit upon oath and based upon my personal knowledge.

　　　1.　　Christal Hansberry-Smith is a claims assistant in Shelter Mutual Insurance Company's Little Rock branch.

　　　2.　　Ms. Smith is not part of management of the office in which she works.

　　　3.　　Ms. Smith does not have discretion in running the business of Shelter Mutual Insurance Company.

　　　4.　　Ms. Smith is not a secretary to an officer, managing agent, or general agent of Shelter Mutual Insurance Company.

　　　5.　　On November 18, 2019, I was present at the Little Rock branch location.  Several supervisors also were present that day at the Little Rock branch location.

1

    I declare under penalty of perjury that the foregoing is true and correct.  Executed this _____ day of December, 2019.

_____
Terry Martin


STATE OF ARKANSAS         )
                             ) ss.      **ACKNOWLEDGMENT**

COUNTY OF PULASKI         )

    On this _____ day of December, 2019, before me the undersigned Notary Public, personally appeared Terry Martin, to me personally well known, who stated that he was duly authorized in that capacity to execute the foregoing instrument and further stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, use and purposes therein mentioned and set forth.

    IN WITNESS WHEREOF I have hereunto set my hand and official seal.

_____
Notary Public

2

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Dec-19  10:52:04
04CV-19-2802
C19WD06 : 2 Pages

IN THE CIRCUIT COURT OF BENTON, COUNTY, ARKANSAS
CIVIL DIVISION

SAYED ALI and All Others
Similarly Situated                                                    PLAINTIFF

vs.                              No. 04CV-19-2802

SHELTER MUTUAL INSURANCE COMPANY                      DEFENDANT

## **ENTRY OF APPEARANCE**

Comes now Kevin A. Crass of Friday, Eldredge & Clark, LLP, and hereby enters his appearance on behalf of Defendant Shelter Mutual Insurance Company and requests that the Clerk of the Court enter his name as an Attorney of Record in the above matter without delay, and that he receive copies of any and all further notices, pleadings or correspondence in this matter from this point forward.

BY:  /s/ Kevin A. Crass
     Kevin A. Crass, #84029
     Friday Eldredge & Clark LLP
     400 West Capitol Avenue, Suite 2000
     Little Rock, Arkansas 72201-3522
     (501) 370-1592 - Telephone
     (501) 244-5370 – Facsimile
     crass@fridayfirm.com - Email

     *Attorneys for Defendant*

1

FEC\45264\0003\7406250.v1-12/19/19

**CERTIFICATE OF SERVICE**

      I, Kevin A. Crass, certify that on December 19, 2019, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Bill G. Horton
CADDELL REYNOLDS
211 N. 2nd Street
Rogers, Arkansas  72756


                      /s/ Kevin A. Crass
                      KEVIN A. CRASS

FEC\45264\0003\7406250.v1-12/19/19

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Jan-09  18:06:46
04CV-19-2802
C19WD06 : 2 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and      All Others**
**Similarly Situated**                                                    **PLAINTIFF**

**v.**                          **NO. 04CV-2019-2802**

**SHELTER MUTAL**
**INSURANCE COMPANY**                                         **DEFENDANT**

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR INSUFFICIENT SERVICE OF PROCESS

COMES NOW, the Plaintiff, Sayed Ali, for their Response to the Defendant's Motion to

Dismiss and states and alleges as follows:

1.   Plaintiff Filed a Complaint against Shelter Mutual Insurance Company on

November 13, 2019.

2.   According to the Arkansas Rules of Civil Procedure, Plaintiff has 120 days to

obtain proper service on Defendant giving a service deadline of March 12, 2020.

3.   Plaintiff is aware the Defendant has not been properly served.

4.   Plaintiff now has the correct Registered Agent.

5.   Plaintiff is actively attempting to obtain proper service according to the Arkansas

Rules of Civil Procedure.

6.   Plaintiff ask the court that no hearing be set until after the service deadline of March

12, 2020.

Respectfully Submitted,

/s/ Bill G Horton
Bill G Horton Ark Bar #2002-200
CADDELL REYNOLDS
211 N 2nd Street
Rogers, AR 72756
Ph: 479-782-5297
Fx: 479-782-5184
bhorton@justicetoday.com

## CERTIFICATE OF SERVICE

I, Bill G. Horton, do hereby certify that a true and correct copy of the above and foregoing has been served electronically on the parties listed below on this 9th day of January, 2020.

Kevin Crass
Friday, Eldredge & Clark LLP
400 West Capitol Ave, Suite 2000
Little Rock, AR 72201
Ph: 501-370-3309
Fx: 501-244-5389
crass@fridayfirm.com

Katherine C. Campbell
Friday, Eldredge & Clark LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, AR 72758
Ph: 479-695-6049
Kcampbell@fridayfirm.com

/s/ Bill G Horton
Bill G Horton

**SUMMONS**

# IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SYED ALI and All Others**
**Similarly Situated**                                                        **PLAINTIFF**

**V.**                                       **NO. 04CV-2019- 2802**

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                                    **DEFENDANTS**

THE STATE OF ARKANSAS TO DEFENDANT:        CORPORATION SERVICE COMPANY-
                                           REGISTERED AGENT FOR
                                           SHELTER MUTUAL INSURANCE COMPANY
                                           300 S. SPRING ST. SUITE 900
                                           300 SPRING BUILDING
                                           LITTLE ROCK, AR 72201

A lawsuit has been filed against you. The relief is as stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Bill G Horton
CADDELL REYNOLDS
211 N. 2ND ST.
ROGERS, AR 72756

If you fail to respond within the applicable period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices: None.**

     **WITNESS MY HAND AND SEAL OF THE COURT** this _____ day of _____ 2019.

Brenda DeSheilds
BENTON COUNTY CIRCUIT CLERK
215 E. Central, Suite 202
Bentonville, AR  72712

BY: _____

Deputy Clerk


No._____ This summons is for Defendant Shelter Mutual Insurance Company.

## PROOF OF SERVICE

( ) On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place];or

( ) I left the Summons, Complaint, and additional notices specified on the Summons (if applicable) in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her, on _____ [date]; or

( ) After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____[describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

( ) On _____[date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

( ) On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

( ) On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

( ) I am the plaintiff or an attorney of records for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

( ) I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgement and received the attached notice and acknowledgment form within twenty days after the date of mailing.

( ) Other: _____ [specify]

( ) I was unable to execute service because: _____
_____.

My fee is $_____

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____           SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of Server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____           By: _____
[Signature of Server]

_____
[Printed Name]

Address:_____

_____

Phone: _____

Subscribed and sworn to before me, the undersigned Notary Public, on this _____ day of _____, 20__.

_____
Notary Public

My Commission Expires:

_____

Additional information regarding service or attempted service:

_____
_____



Arkansas Judiciary

**Case Title:**       ALI ETAL V SHELTER MUTUAL INSURANCE
                      COMPANY

**Case Number:**   04CV-19-2802

**Type:**               SUMMONS - FILER PREPARED


So Ordered

Maria E Delgado, Benton County
Deputy Clerk

Electronically signed by MEDELGADO on 2020-01-10 09:02:04     page 4 of 4

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2020-Feb-13  15:35:14
04CV-19-2802
C19WD06 : 9 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**SAYED ALI and**
**All Other Similarly Situated**                                                **PLAINTIFF**

**V.**                                    **04CV-19-2802**

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                          **DEFENDANT**

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Shelter Mutual Insurance Company ("Defendant" or "Shelter"), by and through

its attorneys, Friday, Eldredge & Clark, LLP, for its Answer to Plaintiff's Complaint, states as

follows:

1.        Defendant admits that Plaintiff has filed a class action complaint and seeks a

declaratory judgment that Defendant violated the law when it refused to issue certain payments to

customers without them disclosing their entitlement to Medicare and Medicaid benefits.

Defendant denies that Plaintiff or any proposed class members are entitled to the relief Plaintiff

seeks.

2.        Defendant admits that Plaintiff seeks an Order requiring Defendant to pay

monetary restitution, plus pre-judgment and post-judgment interest.  Defendant denies that

Plaintiff is entitled to the relief he seeks.

3.        Defendant admits that Plaintiff seeks injunctive relief.  Defendant denies that

Plaintiff is entitled to the relief he seeks.

1

*Jurisdiction and Venue*

4.      Defendant admits that Plaintiff requested a copy of the policy.  Defendant further admits that a copy of the automobile policy declaration and policy schedule and the automobile insurance policy were provided to Plaintiff's counsel.  Defendant affirmatively states that the terms of the policy speak for themselves.  Defendant is without information sufficient to admit or deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendant admits that the Court has personal jurisdiction over Defendant.

6.      Defendant denies the allegations in paragraph 6 of the Complaint.

7.      Defendant denies that jurisdiction is proper in this Court.

8.      Defendant denies that venue is proper in this Court.

*Common Factual Background*

9.      Defendant admits that it is a multi-line national property and casualty insurance company that operates across the United States.

10.      Defendant admits that Plaintiff was covered under a contract of automobile insurance with Defendant that included medical payment and/or PIP coverage.

11.      Defendant admits that on or about January 12, 2019, Plaintiff was in a motor vehicle accident, he reported bodily injury as a result, and that he purported to have received medical treatment exceeding $5,000.

12.      Defendant admits that on or about September 19, 2019, Plaintiff sent Defendant a letter by facsimile demanding payment of his med pay benefits.  Defendant affirmatively states that the letter purported to attach itemized medical bills, but no such bills were received.  Defendant further admits that it requested information related to Plaintiff's Medicare coverage.  Defendant denies all remaining allegations in paragraph 12 of the Complaint.

2

13.     Defendant affirmatively states that the terms of Defendant's contracts of insurance speak for themselves.

14.     Defendant affirmatively states that Ark. Code Ann. §§ 23-89-204(a) and 23-89-208 speak for themselves.  Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

### Common Controlling Law

16.     The allegations in paragraph 16 of the Complaint contain legal conclusions to which no response is required.   Defendant affirmatively states that its policies speak for themselves.

17.     The allegations in paragraph 17 of the Complaint contain legal conclusions to which no response is required.   Defendant affirmatively states that Ark. Code Ann. § 23-89-202 and *Aetna Ins. Co. v. Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978) speak for themselves.

18.     The allegations in paragraph 18 of the Complaint contain legal conclusions to which no response is required.  Defendant affirmatively states that Ark. Code Ann. §§ 23-89-202 and 23-89-204 speak for themselves.

19.     The allegations in paragraph 19 of the Complaint contain legal conclusions to which no response is required.  Defendant affirmatively states that Ark. Code Ann. § 23-89-208 speaks for itself.

### Class Action Allegations

20.     Defendant admits that Plaintiff brings this action on his own behalf and on behalf of proposed class members.  Defendant denies that class certification is proper.

3

21.     Defendant denies the allegations in paragraph 21 of the Complaint.  Defendant affirmatively states that Ark. Rule Civ. P. 23 speaks for itself.

22.     Notwithstanding the fact that paragraph 22 of the Complaint does not contain any allegation to which Defendant is required to respond, Defendant denies that class certification is proper.

23.     Notwithstanding the fact that paragraph 23 of the Complaint does not contain any allegation to which Defendant is required to respond, Defendant denies the same.

24.      Notwithstanding the fact that paragraph 24 of the Complaint does not contain any allegation to which Defendant is required to respond, Defendant denies the same.

25.     Defendant denies the allegations in paragraph 25 of the Complaint and specifically denies that class certification is proper.

26.      Defendant denies the allegations in paragraph 26 of the Complaint, including sub-part (a).

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.      Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint.  To the extent a response is required, they are denied.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.      Defendant admits that Plaintiff seeks, on behalf of himself and the proposed class members, (i) a declaratory judgment, (ii) monetary damages, and (iii) injunctive relief.  Defendant denies that Plaintiff or the proposed class members are entitled to the relief Plaintiff seeks.

*Cause of Action I*
*Declaratory Judgment*

31.      Defendant incorporates herein its responses to the above-numbered paragraphs, as if stated again word-for-word.

32.     The allegations in paragraph 32 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, they are denied.  Defendant affirmatively states that Ark. Code Ann. §§ 16-111-101, *et seq.* speaks for itself.

33.     Defendant admits that Plaintiff was covered under a contract of insurance with Defendant.  The remaining allegations in paragraph 33 of the Complaint contain legal conclusions to which no response is required.

34.     The allegations in paragraph 34 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, they are denied.  Defendant affirmatively states that Ark. Code Ann. §§ 23-89-208, *et seq.* speaks for itself.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.      Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

*Cause of Action II*
*Breach of Contract*

39.     Defendant incorporates herein its responses to the above-numbered paragraphs, as if stated again word-for-word.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     The allegations in paragraph 41 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, they are denied.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

FEC\45264\0003\7457931.v1-2/13/20

44.     Defendant denies the allegations contained in Plaintiff's "WHEREFORE" paragraph, including sub-paragraphs (a) through (f).  Defendant denies that Plaintiff, or the proposed class members, are entitled to the relief Plaintiff seeks or to any relief whatsoever.

45.     Defendant also requests a trial by jury.

46.     Defendant denies each and every allegation in the Complaint not specifically admitted herein.  Defendant denies that Plaintiff is entitled to any relief at all.  Upon completion of further investigation and discovery, Defendant expressly reserves the right to plead further including, but not limited to, the reservation of all affirmative defenses required to be pled in its initial pleadings and/or the assertion of a counterclaim or third party complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend its Answer to assert additional defenses as they may become known during discovery, Defendant asserts the following defenses and/or affirmative defenses:

1.     Plaintiff's claims and/or those of some or all of the putative class members should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

2.     Plaintiff's claims and/or those of some or all of the putative class members are barred in whole or in part by the applicable statute(s) of limitations.

3.     Plaintiff's claims and/or those of some or all of the putative class members are barred to the extent Plaintiff failed to satisfy the conditions precedent.

4.     Plaintiff's claims and/or those of some or all of the putative class members are barred by the doctrines of waiver, laches, unclean hands, and/or estoppel.

FEC\45264\0003\7457931.v1-2/13/20

5.      Plaintiff failed to sufficiently describe or attach a copy of the document(s) giving rise to Plaintiff'' claim for breach of contract, and likewise failed to establish the specific provision(s) upon which its individual and/or putative class claims are purportedly based. *See* Ark. R. Civ. P. 10 (d).

6.      Plaintiff's claims, and the claims of all or a portion of the putative class, are or may be barred to the extent Plaintiff or any member of the putative class are not in privity of contract with Shelter.

7.      Plaintiff's claims and/or those of some or all of the putative class members are barred by their own breaches.

8.      Defendant affirmatively asserts that to the extent Plaintiff and/or any putative class member suffered any damages at all, those damages were caused by persons and entities other than Shelter.

9.      Plaintiff's claims and/or those of some or all of the putative class members are barred, in whole or in part, for any failure to mitigate damages.

10.     Plaintiff cannot satisfy the requirements for class certification, including the requirements of Ark. R. Civ. P. 23 and any other requirements implied by law for myriad reasons, including without limitation, because of the lack of a predominance of common issues and because individualized determinations would be necessary to adjudicate the claims of each and every putative class member.

11.     Defendant affirmatively states that the adjudication of the claims of the class through purported class-wide proof violates Defendant's right to due process of law and right to trial by jury guaranteed by the United States and Arkansas Constitutions.

7

12.     Defendant affirmatively states that venue and jurisdiction are not proper.  Venue and jurisdiction are proper in the United States District Court for the Western District of Arkansas pursuant to (i) 28 U.S.C. §§ 1441 and 1446 and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453.

13.     Defendant respectfully reserves the right to supplement its Answer and Affirmative Defenses to assert other lawful defenses application to this action.  Defendant reserves the right to plead further and reserves objections on the basis of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19, pendency of another action between the same parties arising out of the same transaction or occurrence, and the affirmative defenses listed in Rule 8, including, but not limited to, according and satisfaction, arbitration and award, exclusiveness of remedy under workers' compensation law, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant, Shelter Mutual Insurance Company, respectfully requests that Plaintiff's Class Action Complaint be dismissed and for all other just and proper relief to which it may be entitled.

8

Respectfully submitted,

Kevin Crass, AR Bar 84029
FRIDAY, ELDREDGE & CLARK LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Telephone: (501) 370-3309
Facsimile: (501) 244-5389
E-mail: crass@fridayfirm.com

Katherine C. Campbell, AR Bar 2013241
FRIDAY, ELDREDGE & CLARK, LLP
3350 S. Pinnacle Hills Parkway, Suite 301
Rogers, Arkansas  72758
Telephone: 479-695-6049
Email: kcampbell@fridayfirm.com

By:  */s/ Katherine C. Campbell*
        Katherine C. Campbell

*Attorneys for Defendant Shelter Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I, Katherine C. Campbell, hereby certify that a copy of the foregoing is being filed electronically with the Court's eFlex filing system and that a copy of same will be provided to the following counsel of record via the Court's electronic filing notification system on or about this 13th day of February, 2020:

Bill Horton
Caddell & Reynolds, PA
211 North 2nd Street
Rogers, AR  72756

*/s/ Katherine C. Campbell*
Katherine C. Campbell

9