ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Nov-13 12:03:00
04CV-19-2802
C19WD06 : 12 Pages

# IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

SAYED ALI and All Others　　　　　　　　　　　　　　　　　PLAINTIFF
Similarly Situated

V.　　　　　　　　　　　NO. 04CV-2019-_____

SHELTER MUTUAL
INSURANCE COMPANY　　　　　　　　　　　　　　　　　DEFENDANT

## CLASS ACTION COMPLAINT

Comes now the Plaintiff, Sayed Ali, and all others similarly situated, by and through their attorneys, Caddell Reynolds, PA, for their course of action against Shelter Mutual Insurance Company (hereinafter referred to as "Shelter"), states and alleges as follows:

### INTRODUCTION

1.　　This is a class action whereby Plaintiff seeks for himself and all other similarly situated insured customers or former customers of Defendant, a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it refused to issue medial payment checks authorized under A.C.A. 23-89-202 without first disclosing their entitlement to Medicaid and Medicare benefits.

2.　　Plaintiff further seeks for himself and all others similarly situated an Order

1

requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest for all of the monies they withheld for more than 30 days while waiting on documentation of their insured's entitlement to Medicaid and Medicare benefits.

3. Finally, Plaintiff seeks for himself and all others similarly situated an injunction preventing Defendant from continuing to violate A.C.A. 23-89-204(a) by refusing to issue med pay payments without first disclosing their entitlement to Medicaid and Medicare benefits.

## JURISDICTION AND VENUE

4. Plaintiff and all proposed class members are citizens of the State of Arkansas. A certified copy of the certificate of coverage has been requested months ago but Shelter has thus far refused to provide it. It will be attached to the Amended Complaint once it is provided. Subject to the foregoing, Plaintiff incorporates the terms and conditions of the policy of insurance by reference and will request a complete and certified copy of the policy of insurance from Defendant through discovery. Upon receipt, Plaintiff will amend his complaint in accordance with Rule 10 of the Ark. R. Civ. Pro.

5. The Court has personal jurisdiction over Defendant under Ark. Code. Ann. § 16-4-101. Defendant conducts business in Arkansas and avails itself of Arkansas markets.

6. The compensatory damages being sought by Plaintiff and Class members do not exceed $10,000 individually. The aggregate compensatory damages claimed by Plaintiff and the

2

Class, exclusive of interest and costs, are far below the $5 million federal jurisdictional threshold of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

7. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action.

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-108.

## COMMON FACTUAL BACKGROUND

9. According to Defendant's marketing material, the defendant, Shelter, is a multi-line national property and casualty insurance company operating across the United States.

10. Plaintiff, like all proposed class members, currently has, had, or was covered under, a contract of automobile insurance with Defendant that includes medical payment or PIP coverage.

11. On or about January 12, 2019, Plaintiff was in a motor vehicle accident where he was injured and received medical treatment exceeding $5000.00

12. On or about September 19, 2019, Plaintiff sent Defendant a demand for payment of his Med Pay benefits directly to him and his attorneys. The defendant has refused to issue payment until the plaintiff provided information related to his entitlement to Medicare and Medicaid in violation of their policy and Arkansas law.

13. The contract of insurance between Plaintiff, as well as each proposed class member, and Defendant states that in the event of an injury, Shelter is required to pay all reasonable and

3

necessary expenses for medical, hospital, nursing, dental, surgical, and ambulance incurred within 24 months of a motor vehicle accident in which its insured was injured.

14. Defendant refuses to pay the benefits directly to their insured within 30 days after receipt of proof of loss in violation of the plain language of A.C.A. 23-89-204(a) and 23-89-208.

15. Defendant, throughout the Class Period, as a common policy and general business practice refused to issue payment of its no-fault medical payment or PIP benefits to the Plaintiff as well as each proposed class member without their insured demonstrating their entitlement to Medicare or Medicaid in violation of Arkansas law.

## COMMON CONTROLLING LAW

16. Defendant's internal policies dictate that all policyholders or insured customers be treated consistent with the requirements of the laws and regulations of the appropriate state. Arkansas law controls how insured's who reside in Arkansas must be treated by the Defendant.

17. It is well settled under Arkansas law that the defendant must offer automobile medical payment/PIP coverage to all insured in the state of Arkansas.

A.C.A. § 23-89-202   Required first party coverage

> Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits,..., to the named insured and members of his or her family, ..., injured while occupying the insured motor vehicle,..., without regard to fault, as follows:
>
> (1) All reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, ambulance, ..., incurred within twenty-four (24) months after the

4

        automobile accident, up to an aggregate of five thousand dollars ($5,000) per person, ...

The legislative intent behind the enactment of this no-fault motor vehicle legislation was to make an insured whole on relatively minor automobile injury damage claims without regard to fault or liability and without his being required to engage in expensive and extended litigation. *Aetna Ins. Co. v. Smith*, 263 Ark 849, 568 S.W.2d 11 (1978).

    18.    It is also well settled law that the medical payments contemplated in A.C.A. 23-89-202 must be paid directly to the insured.

    A.C.A. 23-89-204 Coverage for passengers and persons struck by insured vehicle.

> *(a)The coverages provided in 23-89-202* **_shall apply only to_** *occupants of the insured vehicle and to persons struck by the insured vehicle, including pedestrians, bicyclists, motorcyclists, persons in a horse-drawn wagon or cart, and persons riding on an animal, and to none other.*
> (emphasis added)

    19.    Finally, it is well settled law that medical payments must be paid within 30 days of receipt of a proof of loss.

A.C.A. 23-89-208

> *(a) Payment under the coverages enumerated in 23-89-202(1) and (2) shall be made on a monthly basis as benefits accrue.*
>
> *(b) Benefits for any period are overdue if not paid within thirty (30) days after the insurer received reasonable proof of the amount of all benefits accruing during that period.*
>
> *(c) If reasonable proof is not supplied as to all benefits accrued, the portion supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.*

*(d) Any part or all of the remainder of the benefits that is later supported by reasonable proof is overdue if not paid within thirty (30) days after the proof is received by the insurer.*

*(e) In the event the insurer fails to pay the benefits when due, the person entitled to the benefits may bring an action in contract to recover them.*

*(f) In the event the insurer is required by the action to pay the overdue benefits, the insurer shall, in addition to the benefits received, be required to pay the reasonable attorney's fees incurred by the other party, plus twelve percent (12%) penalty, plus interest thereon from the date these sums became overdue.*

In order to comply with Arkansas law, Defendant was required by law to issue full payment of the medical bills to the insured for medical benefits within 30 days after receiving a proof of loss.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on his own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

21. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Arkansas Rules of Civil Procedure 23(a) and (b).

22. Plaintiff seeks certification of the following class:

> Residents of the State of Arkansas who, from November 13, 2014 through the date of resolution of this action, (a) purchased a policy of insurance from the Defendant; (b) made a claim for automobile medical payment or PIP benefits; (c) were required to provide proof

of Medicaid or Medicare entitlement (d) had their benefits delayed outside the time limit imposed by Arkansas law for receipt of the payments.

23. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper.

24. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judges who may preside over this cause of action and any attorneys representing the Plaintiff or the Class.

25. The exact number of the Class, as herein identified and described, is not known but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable. The identity of Class members is ascertainable through Defendant's records kept in the ordinary course of business.

26. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

(A) Whether, throughout the Class Period, as a common policy and general business practice, Defendant was in violation of Ark. Code Ann. 23-89-202 *et seq* by refusing to

7

issue direct payment of its no-fault medical payment or PIP benefits to the plaintiff as well as each proposed class member.

27. Plaintiff's claims are representative of the Class and his claims are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including Plaintiff's, depend on showing that Defendant's acts gave rise to the right to relief sought herein. There is no conflict between the individually named Plaintiff and other member of the proposed Class with respect to this action or with respect to the claims for relief set forth herein.

28. As the representative party for the Class, Plaintiff is able to and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiff's and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

29. The class-action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

30. As relief for these violations of Arkansas law, Plaintiff's seek, on behalf of herself and all class members: 1) a declaratory judgment that Defendant violated Arkansas law when, as a common policy and general business practice, it refused to issue medial payment checks

8

authorized under A.C.A. 23-89-202 without providing information related to their entitlement to Medicaid or Medicare; 2 an Order requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest for all of the monies they refused to pay or paid untimely as a result of their unlawful practice of requiring insured to provide evidence of their entitlement to Medicare and Medicaid as condition of payment and 3) an injunction preventing Defendant from continuing to violate A.C.A. 23-89-208 by refusing to issue med pay payments without receiving documentation of the insureds entitlement to Medicare or Medicaid.

## CAUSE OF ACTION I
## DECLARATORY JUDGMENT

31. Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

32. An actual case and controversy exists within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*

33. Plaintiff was covered under an insurance Contract with Defendant. Arkansas law controls how Defendant's Arkansas customers must be treated.

34. Well-settled Arkansas law states that automobile medical payment coverage must be paid directly to the insured within 30 days after receipt of the proof of loss. Ark. Code Ann. 23-89-208 *et seq*

35. Defendant's legal basis for refusing to pay the plaintiff and all those similarly situated violates both the policy of insurance and Arkansas state law.

36. Defendant, throughout the Class Period, as a common policy and general business practice, was in violation of Arkansas law by refusing to pay the benefits to their insured within 30 days in violation of the plain language of A.C.A. 23-89-208.

37. As a result of these violations of Arkansas law, Plaintiff and Class members have been injured. Their damages include the amount of money withheld for more than 30 days waiting on receipt of the insured entitlement to Medicare and Medicaid. Through its illegal actions, Defendant has deprived and continues to deprive their insureds of the applicable automobile medical payment/PIP benefits owed under Arkansas law, which belong to Plaintiff and Class members. Therefore, restitution, including pre- and post-judgment interest and attorney's fees, is appropriate, as well as other legal and equitable relief.

38. If not permanently enjoined by this Court, Defendant will continue to refuse to issue med pay/PIP benefits that belong to Plaintiff and Class members. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff and Class members, including but not limited to monetary damage. Therefore, injunctive relief is appropriate, as well as other legal and equitable relief.

## CAUSE OF ACTION II
## BREACH OF CONTRACT

39. Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

40. Defendant, by refusing to issue payment to the Plaintiff, is violating the terms and conditions of its policy of insurance and is in breach of the same.

41.     Further, under Arkansas law, there is no legal requirement requiring the insured to disclose his entitlement to any other insurance as a condition precedent to receiving contractual med pay benefits.

42.     In taking this position, Defendant's actions are not only in contravention of the policy of insurance, but also Arkansas law.

43.     By refusing to issue medical payments until the insured shares his entitlement to Medicare and Medicaid, the defendant has violate the terms of their policy and Arkansas law

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

a)      declaring that Defendant's failure to issue full medical bill payment, within 30 days of receipt of the proof of loss, to the insured under the med pay/PIP benefits of the Plaintiff's and Class members insurance policies violates Arkansas law;

b)      an order permanently enjoining Defendant from conditioning the issuance of med pay/PIP benefits owed to Plaintiff and Class members on receipt of their entitlement to Medicare or Medicaid;

11

c)     monetary restitution to Plaintiff and all Class members of 100% of the, med pay/ PIP benefits the defendant has illegally refused to pay;

d)     pre and post-judgment interest;

e)     attorney's fees and costs; and

f)     such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs and the Class members hereby request a trial by jury.

Respectfully submitted,

_____
Bill Horton (AR Bar #2002200)
**CADDELL & REYNOLDS, P.A.**
211 N 2nd Street
Rogers, AR 72756
Tel: (479) 464-8269
Fax: (479) 464-8287

*Counsel for Proposed Plaintiff Class*

12