UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAYED ALI                                                                                           PLAINTIFF

v.                                         No. 5:20-CV-05032

SHELTER MUTUAL
INSURANCE COMPANY                                                                       DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Shelter Mutual Insurance Company's ("Shelter Mutual") motion (Doc. 20) for summary judgment, brief in support (Doc. 21), and statement of facts (Doc. 22). Plaintiff Sayed Ali filed a response (Doc. 23) in opposition, statement of facts (Doc. 24), and brief (Doc. 25). Shelter Mutual filed a reply (Doc. 26). Shelter Mutual also filed motion (Doc. 27) and brief in support (Doc. 28) to strike an affidavit (Doc. 23-1) attached as an exhibit to Plaintiff's response in opposition. Plaintiff filed a response (Doc. 29) and brief (Doc. 30) in opposition. Plaintiff then filed a motion (Doc. 31) to certify a question to the Arkansas Supreme Court and a brief (Doc. 32) in support. Shelter Mutual filed a reply (Doc. 33). For the reasons set forth below, the motion (Doc. 27) to strike and the motion (Doc. 31) to certify a question will be DENIED, and the motion (Doc. 20) for summary judgment will be GRANTED.

**I.      Background**

On January 12, 2019, Sayed Ali was involved in a motor vehicle accident. Mr. Ali was insured under an Arkansas motor vehicle insurance policy issued by Shelter Mutual. As a result of the accident, Mr. Ali made a claim with Shelter Mutual. On January 14, 2019, Shelter Mutual sent Mr. Ali a letter regarding his "Medical Payments" claim and requested information about Mr. Ali's Medicare eligibility. (Doc. 20-2). Mr. Ali verified he was Medicare eligible but he did not

1

complete the Medicare questionnaire or provide his Medicare Health Insurance Claim Number or Medicare Beneficiary Identifier.

On February 27, 2019, Mr. Ali's counsel sent Shelter Mutual a letter informing Shelter Mutual that Mr. Ali had retained counsel. (Doc. 20-3). On March 1, 2019, Shelter Mutual requested Mr. Ali's counsel to provide Shelter Mutual with information regarding Mr. Ali's Medicare eligibility. (Doc. 20-4). Shelter Mutual did not receive a response. On March 29, 2019, Shelter Mutual sent Mr. Ali's counsel a "2nd Request" for Medicare information, and again Shelter Mutual received no response. (Doc. 20-5). Shelter Mutual sent a third request for Medicare information on April 26, 2019 and received no response. (Doc. 20-6). On May 27, 2019, Shelter Mutual sent a fourth request to Mr. Ali's counsel for Medicare information and received no response. (Doc. 20-7). On July 8, 2019, Shelter Mutual sent a fifth request for Medicare information and Mr. Ali's counsel again sent no response. (Doc. 20-8). On August 14, 2019, Shelter Mutual sent a sixth request for Medicare information and received no response. (Doc. 20-9).

On September 18, 2019, Shelter Mutual sent a seventh request to Mr. Ali's counsel for Medicare information. (Doc. 20-10). Counsel sent Shelter Mutual a fax on September 19, 2019. The fax cover sheet represented "itemized medical billings to be paid under the med pay provisions of the policy" were attached to the fax. (Doc. 26-2, p. 2). On October 2, 2019, Shelter Mutual left a voicemail with Mr. Ali's counsel's office representing no medical bills were attached to the fax. Shelter Mutual sent a letter to Mr. Ali's counsel on October 31, 2019, again informing counsel that Shelter Mutual did not receive any medical bills with the September 19, 2019 fax. (Doc. 20-12).

Shelter Mutual emailed counsel on November 5, 2019, to follow up on a voicemail left by counsel. The email referenced and attached the October 31 letter which stated no medical bills

were attached to the fax. (Doc. 20-13). Mr. Ali's counsel's response to Shelter Mutual did not contain any medical bills and instead stated suit would be filed against Shelter Mutual. *Id.* at 5. Shelter Mutual responded a few hours later and again stated no medical bills were received by Shelter Mutual in the September 19 fax. *Id.* at 4. Mr. Ali's counsel responded that he had "[d]igital confirmation [Shelter Mutual] received bills and records." *Id.*[1]

On November 13, 2019, Mr. Ali filed the instant action in the Circuit Court of Benton County, which was then removed to this Court. On June 11, 2020, Shelter Mutual received Mr. Ali's medical bills. On July 10, 2020, Shelter Mutual sent Plaintiff a check for $5,000.00 "which exhausts the Medical payment coverage." (Doc. 20-15, p. 2).

Shelter Mutual argues summary judgment is proper because the case is moot, Shelter Mutual issued payment within 30 days of receiving reasonable proof of the amount of benefits accrued, and Shelter Mutual issued payment within 30 days of receiving Mr. Ali's Medicare information. Mr. Ali argues summary judgment is inappropriate because a question of material facts remains if Shelter Mutual received the medical bills in the September 19 fax and that Shelter Mutual created an unlawful condition precedent by requiring Mr. Ali's Medicare information.

**II.      Motion to Certify**

Plaintiff argues this case involves an issue of first impression because it requires the Court to interpret Ark. Code Ann. § 23-89-208 to determine if a requirement that an insured submit proof of Medicare eligibility prior to receiving med-pay benefits violates the statue. Federal courts sitting in diversity must apply the substantive law of the forum state as declared by the state's legislature in a statute or by its highest court in a decided case. *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938). This often presents a problem when a federal court is confronted with an

---

[1] No evidence of this "digital confirmation" has been presented.

3

unresolved issue of state law. In such a scenario, a federal court essentially has two options. One option is to make an "Erie-educated guess" as to what the state supreme court would rule if confronted with the same issue. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010). The other option is for the federal court to avail itself of a procedure established by the rules of the highest state court for certification of legal questions involving an unresolved issue of law. Whether a federal court decides to certify a question of law to a state supreme court is a matter left to the sound discretion of the federal court. *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996).

The Arkansas Supreme Court has the power to hear questions of law certified to it by a federal court when there is no controlling precedent. Ark. Sup. Ct. Ct. App. R. 6-8(a)(1). "The Arkansas Supreme Court will only accept a certified question when the question of law may be determinative of the issues pending before the certifying court, all facts material to the question of law are undisputed, and there are special and important reasons to accept the certification." *Edwards v. Thomas*, No. 19-cv-4018, 2020 WL 391533, at *8 (W.D. Ark. July 10, 2020) (citing *Longview Prod. Co. v. Dubberly*, 99 S.W.3d 429 (2003)). Special and important reasons include:

> (1) a question of law that is one of first impression and is of such substantial public importance as to require a prompt and definitive resolution by the Arkansas Supreme Court; (2) a question of law on which there are conflicting decisions in the courts; (3) a question of law concerning an unsettled issue of the constitutionality or construction of an Arkansas statute.

*Id.*

Here, the Court finds interpretation of Ark. Code Ann. § 23-89-208 is not determinative of the motion for summary judgment. As further explained below, the Court finds summary judgment is appropriate because Shelter Mutual issued payment within 30 days of receiving

reasonable proof of the amount of benefits accrued. Because this finding is dispositive of the case, certification would be inappropriate and Plaintiff's motion to certify will be denied.

### III. Motion to Strike

Shelter Mutual argues the Court should strike the affidavit of Plaintiff's counsel's employee Rebecca Young, attached as an exhibit to Plaintiff's response, from the record. Shelter Mutual points to Rules 3.7 and 5.3(c) of the Arkansas Rules of Professional Conduct and argues it is improper to consider evidence submitted by an affidavit from counsel. Rule 3.7 of the Arkansas Rules of Professional Conduct provides a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Rule 5.3(c) provides that a lawyer is responsible for "conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if . . . the lawyer orders . . . the conduct." Shelter Mutual argues that because Ms. Young is Plaintiff's counsel's employee and Plaintiff's counsel directed Ms. Young to execute the affidavit, Ms. Young's affidavit is tantamount to a lawyer who acts as an advocate at trial in which the lawyer is a necessary witness. The Court finds this is not a situation where Rule 5.3 applies and the motion to strike will be denied.

### IV. Motion for Summary Judgment

#### A. Legal Standard

On a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party and grants all reasonable factual inferences in the nonmovant's favor, and only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016). The nonmovant may not rely only on allegations in the pleadings, but must identify specific and

supported facts that will raise a genuine and material issue for trial. *Ryan v. Cap. Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012) (quoting *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1393 (8th Cir. 1997)). Facts are material when they can "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Haggenmiller*, 837 F.3d at 884 (quotations omitted).

    **B.**    **Analysis**

        **i.**    **Mootness**

Shelter Mutual argues the case is moot because Plaintiff has already been paid $5,000 in med-pay benefits and a court order at this point would afford Plaintiff no additional relief. Article III of the Constitution limits federal courts' jurisdiction to deciding only cases or controversy, and "[w]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome a case or controversy under Article III no longer exists because the litigation has become moot." *Brazil v. Ark.s Dep't of Hum. Serv.*, 892 F.3d 957, 959 (8th Cir. 2018). Although Plaintiff has received the $5,000 in med-pay benefits the case is not moot because a finding that Shelter Mutual violated Ark. Code Ann. § 23-89-208(f) would authorize a twelve percent penalty and interest on overdue payments, in addition to an award of attorney's fees.

        **ii.**    **Payment Issued Within 30 Days Receipt of Reasonable Proof**

Ark. Code Ann. § 23-89-202 requires "every automobile liability insurance policy" to provide "[a]ll reasonable and necessary expenses for medical . . . incurred within twenty-four (24)

months after the automobile accident, up to an aggregate of five thousand dollars . . . ." Payment under Ark. Code Ann. § 23-89-202 is overdue "if not paid within thirty (30) days after the insurer received *reasonable proof* of the amount of all benefits accruing during that period." Ark. Code Ann. § 23-89-208(b).  Although there are no specific requirements as to what constitutes reasonable proof, "reasonable proof means more than proof of a charge or loss." *Roy v. Farmers & Merchs. Ins. Co.*, 819 S.W.3d 2, 216 (Ark. 1991).

The parties do not dispute that Shelter Mutual properly required Plaintiff to present reasonable proof pursuant to Ark. Code Ann. § 23-89-08 and that Plaintiff's medical bills were sufficient reasonable proof.  Instead, Plaintiff argues a question of fact exists as to whether Shelter Mutual received reasonable proof on September 19, 2019 in Plaintiff's counsel's fax to Shelter Mutual.  Viewing the record in a light most favorable to Plaintiff, the Court finds that no reasonable juror could conclude the September 19, 2019 fax contained medical bills.

The only evidence Plaintiff presents is an affidavit from Plaintiff's counsel's office manager that states a review of Plaintiff's case file shows a paralegal faxed a copy of the medical bills, and the affidavit alone does not meet proof with proof to overcome the overwhelming evidence that Shelter Mutual did not receive medical bills on September 19.  The undisputed statement of facts demonstrates that as early as October 2, 2019, Shelter Mutual informed Plaintiff's counsel Shelter Mutual did not receive any copy of medical bills in the September 19 fax and Shelter Mutual advised counsel two more times that no medical bills were received. Further, Shelter Mutual's fax notification system shows only two pages were received in the September 19, 2019, fax and the "HELLOFAX" electronic record only sent by Plaintiff's counsel only contains a one-page letter and no medical bills.  (Doc. 26-2).  It is also undisputed that Shelter Mutual received copies of Plaintiff's medical bills on June 11, 2020, and within 30 days of receipt

7

of the medical bills Shelter Mutual issued a $5,000 med-pay benefits check.  Because no reasonable juror could find Shelter Mutual received the medical bills in the September 19, 2019, fax, Plaintiff cannot demonstrate Shelter Mutual failed to provide med-pay benefits within 30-days of the September 19 fax.  Shelter Mutual is therefore entitled to summary judgment.  Because the Court finds Shelter Mutual issued payment within 30-days of reasonable proof, it will not rule on the issue of whether the policy allowed Shelter Mutual to require Plaintiff to provide Shelter Mutual with his Medicare information.[2]

**V.     Conclusion**

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 20) for summary judgment is GRANTED.  Judgment will be entered separately.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 27) to strike is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 31) to certify question is DENIED.

IT IS SO ORDERED this 12th day of November, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[2] The Court would note, however, that the insurance policy issued by Shelter Mutual requires Plaintiff to cooperate in Shelter Mutual's investigation of any claim and the med-pay portion of the policy changes based on any insurance Plaintiff has.