UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAYED ALI                                                                   PLAINTIFF

v.                                       No. 5:20-CV-05032

SHELTER MUTUAL
INSURANCE COMPANY                                   DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiff's motion (Doc. 36) to reconsider the Court's opinion and order (Doc. 34) granting Defendant's motion (Doc. 20) for summary judgment. Plaintiff also filed a brief in support (Doc. 37). Defendant filed a response in opposition (Doc. 38). Subsequent to Defendant's response, Plaintiff filed a notice of appeal (Doc. 39). The motion will be denied.

On November 12, 2021, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's case with prejudice upon a finding that no reasonable juror could find Defendant received Plaintiff's medical bills in the September 19, 2019, fax or that Defendant failed to provide med-pay benefits within 30-days of the September 19 fax.[1] Plaintiff argues the Court erred in its opinion because the Court did not acknowledge Plaintiff's statement of facts and because the Court improperly weighed evidence.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). When the motion is made in response to a final order, as is the case here, it is construed as having been made under Rule 59(e). *Schoffstall*

---

[1] The Court's complete analysis and background information can be found in the opinion and order (Doc. 34).

1

*v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000).  There are "four basic grounds" upon which Courts typically will grant Rule 59(e) motions:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.  Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial.  Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence.  Third, the motion will be granted if necessary to prevent manifest injustice.  Serious misconduct of counsel may justify relief under this theory.  Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.).

Plaintiff's motion presents none of these grounds, and it will be denied.  Plaintiff first argues the Court's statement that "[t[]he undisputed statement of facts demonstrates that . . . [Defendant] informed Plaintiff's Counsel [Defendant did not receive any copy of medical bills" demonstrates the Court may not have considered Plaintiff's statement of facts, which disputed certain facts.  However, the Court acknowledged Plaintiff's statement of facts (Doc. 34, p. 1) and Plaintiff fails to recall the portions of Defendant's statement of facts to which Plaintiff admitted.  Plaintiff's second argument is that the Court weighed evidence and relied on evidence that would be inadmissible.  Plaintiff's argument focuses on the Court's discussion of a fax and a fax record (Doc. 26-2) and Plaintiff argues these documents are not complete and constitute hearsay.  The Court's opinion clarifies, prior to any discussion of the fax and fax record, that the undisputed facts show Defendant did not receive any medical bills on September 19 and that Defendant communicated to Plaintiff's counsel multiple times that no bills received.  Plaintiff's arguments do not demonstrate any manifest error of law or fact or alternative 59(e) grounds.

Plaintiff's final argument is that the Court committed error when it weighed the credibility of an affidavit submitted by Defendant (Doc. 20-16) and an affidavit submitted by Plaintiff (Doc. 23-1).  Plaintiff has not, and cannot, highlight any part of the Court's opinion that

demonstrates the Court assessed the credibility of the affiants, and this argument does not demonstrate any manifest error of law or fact or alternative 59(e) grounds.

To the extent Plaintiff's motion is a Rule 60(b) motion, it will also be denied. Rule 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party, or; "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). It is important to note, however, that a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff's motion does not present argument that would allow the Court to find any of the Rule 60(b) circumstances present, therefore, the motion will be denied.

In the event Plaintiff's motion is anything other than a Rule 59(e) or a Rule 60(b) motion, Plaintiff's notice of appeal divests the Court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "While an appeal is pending the district court may not reexamine or supplement the order being appealed." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (citations omitted). However, a district court retains jurisdiction to dispose of motions filed under Rule 59 or 60, and the notice of appeal does not become effective until the under the order disposing of such motions is entered. *See* Fed. R. App. P. 4(a)(4).

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 36) for reconsideration is DENIED.

IT IS SO ORDERED this 6th day of December, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE